UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| Plaintiff § | |
| v. § | CIVIL ACTION NO. _____ |
| § | |
| VARIOUS REAL PROPERTIES § | |
| LOCATED IN HARRIS COUNTY, § | |
| TEXAS § | |
| Defendants § | |

## COMPLAINT FOR FORFEITURE IN REM

The United States of America files this action for forfeiture and alleges upon information and belief:

*Nature of the Action*

1. This is an action to forfeit property to the United States pursuant to 18 U.S.C. § 1594(e), 8 U.S.C. § 1324(b), and 18 U.S.C. § 981(a)(1)(A) and 18 U.S.C. § 981(a)(1)(C).

*Defendant Properties*

2. The Defendants (collectively hereinafter the "Defendant Properties") are the following:

   a. The real property, improvements, and appurtenances located at 5612 and 5618 Telephone Road, Houston, Texas 77087 and legally described as follows:

1

n/a
n/a

Lots 15, 16 and 17, in Block "H", Houston Acreage Estates, an addition to the City of Houston, Harris County, Texas, according to the map or plat thereof, recorded in Volume 12, Page 63 of the Map Records of Harris County, Texas, save and except a tract or parcel of land out of said Lot 17, described by metes and bounds in a deed recorded in the real property records of Harris County, Texas on September 13, 1999 under file number T961377

b. The real property, improvements, and appurtenances located at 4660/4670 Telephone Road, Houston, Texas 77087 and legally described as follows:

### Tract I

The West 100.5 feet of Lot Seven (7), and the adjoining West 100.5 feet of the South 79.64 feet of Lot Six (6), Parkview Addition, an addition in Harris County, Texas, according to the map or plat thereof recorded in Volume 655, Page 244, Deed Records, Harris County, Texas.

### Tract II

The North 70.36 feet of Lot Six (6) of Parkview Addition, an Addition out of the Jacob Thomas Survey in Harris County, Texas, according to the map or plat thereof recorded in Volume 655, Page 243 of the Deed Records of Harris County, Texas, and being more particularly described by metes and bounds on Exhibits A and B to a deed recorded in the real property records of Harris

>
> County, Texas on August 2, 1999 under file number T878880.

c. The real property, improvements, and appurtenances located at 4678 Telephone Road, Houston, Texas 77087 and legally described as follows:

> That certain tract or parcel of land out of Lot Seven (7), in PARKVIEW SUBDIVISION in the Jacob Thomas Survey, Abstract No. 762 in Harris County, Texas, and being more particularly described by metes and bounds in a deed recorded in the real property records of Harris County, Texas, on September 16, 2013, under file number 20130473252.

d. The real property, improvements, and appurtenances located at 7738 Bellfort Street, Houston, Texas 77061 and legally described as follows:

> Lot Thirteen (13) Block Twenty-Eight (28), of Glenbrook Valley, Section Eight (8), a subdivision in Harris County, Texas according to the map or plat thereof, recorded in Volume 50, Page 40 of the Map Records of Harris County, Texas.

e. The real property, improvements, and appurtenances located at 403 Elsbeth Street, Channelview, Texas 77530 and legally described as follows:

> A tract of land containing 0.264 acres, more or less, out of and a part of Lots Three (3) and Four (4), in Block Two (2), of Lakeside Park

3

> Estates, an addition in Harris County, Texas, according to the map or plat thereof, recorded in Volume 12, Page 88 of the Map Records of Harris County, Texas, as more particularly described by metes and bounds in the deed recorded in the real property records of Harris County, Texas on May 1, 2009 under file number 20090181850

f. The manufactured house currently located at 403 Elsbeth, Channelview, Texas 77530 (model: Sierra Vista; serial number: CLW023487TX; label/seal number: HWC0367210; manufacture date: 1/4/2006));

g. The real property, improvements, and appurtenances located at 919 Freeport, Houston, Texas 77015 and legally described as follows:

> Lot 2, in Block 165, of Clover Leaf Subdivision, Unit, 6, a subdivision in Harris County, Texas, according to the map or plat thereof, recorded in Volume 18, Page 47 of the Map Records of Harris County, Texas.

h. The real property, improvements, and appurtenances located at 16501 North Shore Drive, Channelview, Texas 77530 and legally described as follows:

> Parcel Number 5 Being a part of Lots 2 and 3, in Block 2, in Lakeside Park Estates, a subdivision in the B.N. Garrett Survey, Abstract 1710 in Harris County, Texas, according to the map or plat thereof recorded in Volume 12, at Page 38 of the Map Records

        of Harris County, Texas, as more particularly described in a deed recorded in the real property records of Harris County, Texas on September 9, 2010 under file number 20100386344

i. The manufactured house currently located at 16501 North Shore Dr., Channelview, Texas 77530 (model: Carriage; serial number: SHA01175; label/seal number: TRA0205830);

j. The real property, improvements, and appurtenances located at 1910 and 1912 Iron Ore Drive, Huffman, Texas, 77336 and legally described as follows:

        Being a tract of land containing 5.0663 acres (220,690 square feet), more or less, situated in the Gilbert Brooks Survey, Abstract 6, Harris County, Texas, conveyed unto Gerald D. Dufrene and Laura S. Dufrene, by Deed recorded under County Clerk's File No. U-504561 of the Official Public Records of Harris County, Texas, being more commonly known as Tracts Twenty-Five (25) and Twenty-Six (26), of LAKE HOUSTON FOREST, SECTION III, an unrecorded, an unrecorded subdivision Plat located in Harris County, Texas. Said 5.0663 acre tract being more particularly described by metes and bounds on Exhibit A to a deed recorded in the real property records of Harris County, Texas, on September 20, 2013, under file number 20130485233

k. The real property, improvements, and appurtenances located at 831 Canna Street, Channelview, Texas 77530 and legally described as follows:

> LOT FIFTEEN (15), IN BLOCK TWENTY-TWO (22), OF PARTIAL REPLAT OF STERLING FOREST SECTION TWO (2), AN ADDITION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 141, PAGE 60 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS, ALSO KNOWN AS 831 CANNA DRIVE, CHANNELVIEW, HARRIS COUNTY, TEXAS 77530.

*Jurisdiction and Venue*

3. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355.

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1355(b)(1), 1391(b), and 1395.

*Statutory Basis for Forfeiture*

5. The Defendant Properties are subject to forfeiture under:

a. Title 8 U.S.C. § 1324(b), which provides for the forfeiture of the gross proceeds of a violation of 8 U.S.C. § 1324(a) (alien harboring), and all property traceable to such proceeds. Section 1324(a)(1)(A)(iii) makes it unlawful for a person to knowing or in reckless disregard of the fact that an alien has come to, entered, or

6

remains the United States in violation of law, conceal, harbor or shield from detection, such alien in any place, including any building;

b. Title 18 U.S.C. § 1594(e), which provides for the forfeiture of property, real or personal, used or intended to be used to commit or to facilitate the commission of a violation of 18 U.S.C. §§ 1591 (sex trafficking of children or by force, fraud, or coercion) and 1594 (conspiracy to violate 18 U.S.C. § 1591) and any property, real or personal, which constitutes or is derived from proceeds traceable to any violation of 18 U.S.C. §§ 1591 and 1594. Under § 1591, it is unlawful for a person to knowingly—(1) in or affecting interstate or foreign commerce, to recruit, entice, harbor, transport, provide, obtain, or maintain by any means a person; or (2) benefit, financially or by receiving anything of value, from participation in a venture which has engaged in any of the acts described in paragraph (1)—knowing, or in reckless disregard of the fact, that means of force, threats of force, fraud, coercion will be used to cause the person to engage in a commercial sex act or that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act. Section 1594(c) makes it unlawful to conspire to violate § 1591;

c. Title 18 U.S.C. § 981(a)(1)(C), which provides for the forfeiture of "[a]ny property, real or personal, which constitutes or is derived from

proceeds traceable to . . . any offense constituting 'specified unlawful activity' (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense." A violation of 8 U.S.C. § 1324 (alien harboring) and a violation of 18 U.S.C. § 1591 each constitute a "specified unlawful activity" pursuant to 18 U.S.C. § 1956(c)(7)(A) and 18 U.S.C. § 1961(1); and/or

d. Title 18 U.S.C. § 981(a)(1)(A), which provides for the forfeiture of property, real or personal, involved in a transaction or attempted transaction in violation of 18 U.S.C. §§ 1956, 1957 or 1960 or any property traceable to such property. Under 18 U.S.C. § 1956(a)(1)(B)(i), it is unlawful for a person to conduct or attempt to conduct a financial transaction with proceeds of a specified unlawful activity knowing that the transaction is designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity. It is a violation of 18 U.S.C. § 1957 for a person to knowingly engage or attempt to engage in a monetary transaction in criminally derived property of a value greater than $10,000 and that is derived from specified unlawful activity.

*Factual Basis*

6. In October 2013, Hortencia Medeles-Arguello, also known as Raquel

Medeles Garcia and Tencha ("Tencha"), and several others were charged by federal criminal indictment with a sex trafficking conspiracy in violation of 18 U.S.C. §§ 1591 and 1594(c), a conspiracy to harbor illegal aliens in violation of 8 U.S.C. § 1324(a), and a conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). Tencha was also individually charged with money laundering counts in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

7. Tencha is currently awaiting trial on the criminal charges. All of the other defendants, except for a fugitive, have pleaded guilty to certain offenses. Among the co-defendants who have pleaded guilty are Tencha's four children. Tencha's son, David Garcia, and her daughters, Graciela Medeles Ochoa and Diana Medeles Garcia, pleaded guilty to aiding and abetting alien harboring in violation of 8 U.S.C. § 1324(a). Tencha's other daughter, Delia Diaz, pleaded guilty to conspiracy to launder money in violation of 18 U.S.C. § 1956(h).

8. The sex trafficking and alien harboring offenses occurred at bars/brothels in Houston, Texas, including Las Palmas II (later known as Nuevo Amanecer) located at defendant 5618 Telephone Road and La Feria located at defendant 5612 Telephone Road. Las Palmas II and La Feria were separated by a common wall.

9. Tencha previously ran another bar/brothel in Houston, Texas where illegal aliens were harbored, concealed, or shielded from detection for financial gain in violation of 8 U.S.C. § 1324(a).

10. Defendants 5612 Telephone Road (La Feria) and 5618 Telephone Road (Las Palmas II) were used extensively to facilitate sex trafficking. Some females were forced to meet with potential customers at defendant 5612 Telephone Road (La Feria) and/or defendant 5618 Telephone Road (Las Palmas II) to solicit commercial sex acts. Females engaged in commercial sex acts at defendant 5618 Telephone Road (Las Palmas II). For a period of time, some females were locked in a room at defendant 5618 Telephone Road (Las Palmas II) and they would either engage in commercial sex acts in the room with customers or be allowed to come out of the room to engage in commercial sex acts with customers. The females who were provided for commercial sex acts included girls under the age of 18, and force, threats of force and coercion were used to compel and maintain the females' service at Las Palmas II and La Feria in violation of 18 U.S.C. § 1591. Among other things, females were forced by pimps to engage in prostitution and females were beaten. Additionally, most of the prostitutes and employees that worked at Las Palmas II and La Feria were illegally present in the United States, and were harbored, concealed, or shielded from detection at the properties for financial gain in violation of 8 U.S.C. § 1324(a).

11. Defendants 7738 Bellfort Street and 4660/4670 Telephone Road were also used to facilitate the sex trafficking. Illegal proceeds generated at Las Palmas II were delivered to Tencha at the defendant 7738 Bellfort Street, a property where she also stored supplies for use in furtherance of the commercial sex enterprise. Tencha used the defendant 4660/4670 Telephone Road to meet with her co-defendants to

discuss a plan for the co-defendants to manage Las Palmas II/Nuevo Amanecer (the bar/brothel operated at defendant 5618 Telephone Road Property) and to discuss paying Tencha $20,000.00 a week from the proceeds generated at Las Palmas II.

12. The sex trafficking and alien harboring offenses collectively generated millions of dollars in proceeds. All of the Defendant Properties were purchased in whole or in part with proceeds obtained directly or indirectly from the sex trafficking and/or alien harboring offenses, which are specified unlawful activities under 18 U.S.C. § 1956(c)(7)(A) and 18 U.S.C. § 1961(1).

13. The purchases of defendants 5612 and 5618 Telephone Road, 4678 Telephone Road, 403 Elsbeth Street, 1910 and 1912 Iron Ore Drive, 831 Canna Street, and the manufactured house located at 16501 North Shore each included a monetary transaction involving more than $10,000 in proceeds from the sex trafficking and/or alien harboring offenses in violation of 18 U.S.C. § 1957.

14. The defendants 16501 North Shore, 919 Freeport, and the manufactured house located at 403 Elsbeth were each involved in financial transactions in violation of 18 U.S.C. § 1956(a)(1)(B)(i). Tencha is charged in the Indictment with conducting financial transactions which involved the proceeds of a specified unlawful activity, namely sex trafficking, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of the specified unlawful activity and while knowing that the property represented the proceeds of some form of unlawful activity in violation of 18 U.S.C. §

1956(a)(1)(B)(i). The charged financial transactions involved payments for the purchases of defendants 16501 North Shore, 919 Freeport, and the manufactured house located at 403 Elsbeth. Title to these defendants was placed in the name of Tencha's son, David Garcia, with title later transferred to a corporation named Tone Tone Investments, Inc. in or about September and October 2013. Title to defendants 403 Elsbeth and the manufactured house located at 16501 North Shore was also placed in the name of David Garcia and then transferred to Tone Tone Investments, Inc. Tone Tone Investments, Inc. was incorporated in February 2012 and subject to tax forfeiture in February 2014. David Garcia was listed as the organizer, director, and registered agent of Tone Tone Investments, Inc. David Garcia and Tone Tone Investments, Inc. are not bona fide purchasers for value of these defendants.

15. Defendants 5612 and 5618 Telephone Road, 4660/4670 Telephone Road, 4678 Telephone Road, and 1910 and 1912 Iron Ore Drive were titled to Tencha's daughter, Delia Diaz. Less than a month before the Indictment was returned on October 9, 2013, Delia Diaz transferred title to all of these defendants to a corporation named Las Palmas Nightclub, Inc.

16. The Defendant Properties are subject to forfeiture because they were derived or are traceable to proceeds of sex trafficking and/or alien harboring offenses, were used to facilitate sex trafficking conspiracy, and/or were involved in money laundering offenses.

*Prayer*

Wherefore, the United States of America prays that judgment of forfeiture be entered against the Defendant Properties in favor of the United States of America in addition to such costs and other relief to which the United States of America may be entitled.

Respectfully submitted,

Kenneth Magidson
United States Attorney

By: s/Lori S. Roth
Lori S. Roth
Email: lori.roth@usdoj.gov
Texas State Bar No. 24076691
SDTX Bar No. 1383270

/s E. Vincent Carroll
E. Vincent Carroll
Email: vincent.carroll@usdoj.gov
SDTX Bar No. 1804030

Assistant United States Attorneys
United States Attorney's Office
1000 Louisiana, Suite 2300
Houston, TX 77002
Telephone: (713) 567-9000
Fax: (713) 718-3300

*Verification*

I, Suzanne Bradley, a Special Agent with the Federal Bureau of Investigation, hereby verify that the facts set forth in the foregoing Complaint For Forfeiture In Rem are based upon either personal knowledge or from information, reports, or records obtained during investigation or from other law enforcement personnel, and are true and correct to the best of my knowledge and belief.

Suzanne Bradley
Special Agent
Federal Bureau of Investigation

Sworn and subscribed before me, the undersigned authority, on January 13th, 2015.

Notary Public in and for the State of Texas

My commission expires:



Carrie E. Patterson
Notary Public,
State of Texas
Comm. Exp. 04-21-15